IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KIRK D. ROBINSON,

           Petitioner,

vs.

STATE OF NEBRASKA,

           Respondent.

8:22CV412

**MEMORANDUM AND ORDER**

      This matter is before the Court on what has been docketed as Petitioner Kirk D. Robinson's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. Filing No. 1. Petitioner's pleading is captioned as a "Petition for Verifiable Writ of Habeas Corpus," and Petitioner states the petition is brought pursuant to "the Nebraska Habeas Corpus Act, Neb. Rev. St[at]. [§] 29-2801 to 29-2824, Tyler v. Houston, 273 Neb. 100, 728 NW 2d. 549 (2007)." Filing No. 1 at 3.

      The Court hereby notifies Petitioner that it intends to characterize his petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the alternative, Petitioner may move to voluntarily withdraw his habeas corpus petition within 30 days if he does not wish for this action to proceed as a § 2254 action. *See Castro v. United States*, 540 U.S. 375, 382–83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial motion under 28 U.S.C. § 2255; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (applying *Castro* to § 2254 petition). Should Petitioner decide to allow this action to proceed as one brought pursuant to § 2254, he

should be aware of his obligation to raise all his habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

In addition, if Petitioner decides to allow this action to proceed as a § 2254 habeas action, then he must cure the deficiencies discussed below.

First, Petitioner has not signed the petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Second, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. Rather, he submitted an eleven-page, typed document that does not clearly identify the judgment challenged.

Third, Petitioner failed to name a proper respondent in the petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner has named the State of Nebraska which is not a proper respondent. Petitioner is in the custody of the Nebraska Department of

Correctional Services ("NDCS"). Rob Jeffreys is the director of the NDCS and is, thus, the proper Respondent in this matter.

Based on these deficiencies, Petitioner's petition is deemed insufficient and the Court will not act upon it. However, on the Court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus if he wants this action to proceed as a § 2254 habeas action. Because the Court is granting Petitioner leave to file an amended petition, Petitioner's pending Motion to Amend, Filing No. 8, which seeks to supplement his petition by adding additional grounds for relief will be denied as moot. Petitioner should include the grounds alleged in his petition, Filing No. 1, Motion to Amend, Filing No. 8, and any additional grounds in any amended petition he files in accordance with this Memorandum and Order. The Court will direct the Clerk of the Court to send to Petitioner the AO 241 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.

IT IS THEREFORE ORDERED that:

1. Petitioner shall no later than **July 3, 2023**, voluntarily withdraw his petition if he does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254.

2. If Petitioner decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, he shall no later than **July 3, 2023**, file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Petitioner is encouraged to use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number (8:22CV412).

3. If Petitioner fails to respond to this Memorandum and Order or file an amended petition, the Court will construe Petitioner's pleading as a petition filed pursuant to 28 U.S.C. § 2254 and this matter will be dismissed without prejudice and without further notice to Petitioner for the deficiencies described herein.

4. Petitioner's Motion to Amend, Filing No. 8, is denied as moot.

5. The Clerk of the Court is directed to send to Petitioner the Form AO 241 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.

6. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **July 3, 2023**: Check for motion to withdraw or amended petition.

Dated this 2nd day of June, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

4