IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON,<br><br>    Petitioner,<br><br>  vs.<br><br>TAGGART BOYD, Warden of RTC; ROB JEFFREYS, Director of Corrections, Nebraska,[1]<br><br>    Respondent. | 8:22CV412<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on preliminary review of Petitioner Kirk D. Robinson's Amended Petition for Writ of Habeas Corpus, Filing No. 17, brought pursuant to 28 U.S.C. § 2254. On December 1, 2022, Petitioner filed his original petition. Filing No. 1. On June 2, 2023, the Court notified Petitioner that it intended to characterize his petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and gave Petitioner leave to file an amended petition if he wished this action to proceed as one brought pursuant to 28 U.S.C. § 2254. Filing No. 11. Petitioner submitted his Amended Petition on June 12, 2023, using the Form AO 242 for a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. Filing No. 17. Despite the use of the § 2241 form, and pursuant to the Court's previous advisement, the Court will characterize Petitioner's Amended Petition as one filed pursuant to 28 U.S.C. § 2254.

  In his Amended Petition, Petitioner set forth that he was convicted pursuant to a plea agreement of stalking, a Class IIIA felony; tampering with physical evidence, a

---

[1] Petitioner's Amended Petition substituted Taggart Boyd and "Rob Jeffries" as the respondents in place of the previously-named State of Nebraska. Filing No. 17 at 1. The Court has updated the caption accordingly, using the correct spelling of Rob Jeffreys' last name, and will direct the Clerk's office to update the Court's records to reflect the substituted respondents.

Class IV felony; and possession of a firearm by a prohibited person, a Class ID felony in the District Court of Buffalo County, Nebraska. On November 6, 2019, Petitioner was sentenced to consecutive prison terms of 2 years, 364 days to 3 years; 1 year, 364 days to 2 years; and 7 years to 25 years. Filing No. 17 at 57–59. Petitioner prosecuted a direct appeal and his conviction was affirmed on May 27, 2020. *Id.* at 2. Petitioner states that he first sought state habeas or postconviction relief beginning in July of 2022. *Id.* at 3, 5.

It appears from the face of the petition that Petitioner's claims may be barred by the statute of limitations because the petition was filed more than one year after Petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1). However, in order to ensure a just and fair resolution of this matter, the Court will enter an order progressing this case to final resolution.

IT IS THEREFORE ORDERED that:

1. By **July 31, 2023**, Respondents must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **July 31, 2023**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

2. If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B.     The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.     Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.     No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E.     No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the Court by filing a

        notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. *See* the following paragraph. The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

3.    If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

    A.    By **July 31, 2023**, Respondents must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B.    No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of

4

Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the Court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the Court by filing a

5

        notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **August 30, 2023**: check for Respondents' answer and separate brief.

4. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

5. Petitioner's pending motion for review, Filing No. 16, is denied as moot as the Court has completed its preliminary review of the amended petition.

6. The Clerk's office is directed to update the Court's Records to reflect that Taggart Boyd and Rob Jeffreys are the proper respondents in this action and to list the respondents as the Court has identified them in the caption of this Memorandum and Order.

Dated this 16th day of June, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge