IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KIRK D. ROBINSON,

                    Petitioner,

      vs.

TAGGART BOYD, Warden of RTC; and
ROB JEFFREYS, Director of Corrections,
Nebraska;

                  Respondents.

**8:22CV412**


**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Kirk D. Robinson's Motion for Extension of Time to Request a Certificate of Appealability.  Filing No. 51.  Robinson asks for an extension of the deadline to request a certificate of appealability due to his incarceration and the consequent delay in receiving notifications from the Court via mail as he cannot receive notices via e-mail like Respondents and "so that he may learn more about the appeals process." *Id.*

A certificate of appealability is required to appeal from "the final order in a habeas corpus proceeding" brought pursuant to 28 U.S.C. § 2254.  28 U.S.C. § 2253(c)(1); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1).  Here, this Court denied Robinson a certificate of appealability when it denied and dismissed with prejudice Robinson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on November 3, 2023.  Filing No. 48; Filing No. 49.  Thus, to the extent Robinson seeks more time to request a certificate of appealability from this Court, such a request is inappropriate. Rather, the proper course of action would be for Robinson to seek a certificate from the Eighth Circuit Court of Appeals in conjunction with an appeal of the denial of his habeas

petition.  Rule 11 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."); Fed. R. App. P. 22(b)(1) ("If the district judge has denied the certificate [of appealability], the applicant may request a circuit judge to issue it.").  However, the Federal Rules of Appellate Procedure require that a petitioner appealing the denial of a petition for a writ of habeas corpus file *both* a notice of appeal and a request for a certificate of appealability.  Fed. R. App. P. 3(a)(1), 22(b).  *See United States v. Grant*, No. 8:04CR267, 2007 WL 2156347, at *1 (D. Neb. July 25, 2007).

Federal Rule of Appellate Procedure 4(a)(1)(A) sets forth that a notice of appeal in a civil case must be filed within 30 days of the entry of judgment.  This requirement is both "mandatory and jurisdictional." *Burgs v. Johnson Cnty., Iowa*, 79 F.3d 701, 702 (8th Cir. 1996).  A district court may extend the time to file a notice of appeal if a party moves for an extension of time and shows excusable neglect or good cause, provided that the party moves for the extension of time within 30 days of the expiration of the 30-day period set out in Rule 4(a)(1)(A).  Fed. R. App. P. 4(a)(5)(A).  However, an untimely notice of appeal cannot serve as a motion for extension of time to file an appeal.  *Burgs*, 79 F.3d at 702.

Here, the Court liberally construes Robinson's Motion for Extension of Time to Request a Certificate of Appealability as a motion to extend the time he has to appeal and request a certificate of appealability from the Eighth Circuit Court of Appeals.  Upon consideration, the Court finds Robinson has shown good cause and will extend the time

in which he has to file a notice of appeal and request for a certificate of appealability to January 3, 2024.  *See* Fed. R. App. P. 4(a)(5)(C).

IT IS THEREFORE ORDERED that:

1.      Robinson's Motion for Extension of Time to Request a Certificate of Appealability, Filing No. 51, construed as a motion to extend the time he has to appeal, is granted.  Robinson has until **January 3, 2024**, to file in this Court a timely notice of appeal and a request to the Eighth Circuit Court of Appeals for a certificate of appealability.

2.      The Clerk of Court is directed to set a pro se case management deadline using the following text: **January 3, 2024**: deadline to file notice of appeal.

Dated this 17th day of November, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge